```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

   **v.**                                    **CRIMINAL NO. 1:18-CR-47-8**
                                                           (KLEEH)

**ASHLEY WAGNER,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER DENYING
## MOTION FOR COMPASSIONATE RELEASE [ECF NO. 628]

Pending before the Court is a pro se motion for compassionate release filed by Defendant Ashley Wagner ("Wagner") [ECF No. 628]. For the reasons discussed herein, the Court **DENIES** the motion.

### I.  BACKGROUND AND PROCEDURAL HISTORY

On April 23, 2019, Wagner pleaded guilty to Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) [ECF No. 410]. On November 22, 2019, the Court sentenced Wagner to 151 months of incarceration and 3 years of supervised release [ECF No. 585]. This was at the low end of her custody range under the United States Sentencing Guidelines (151-188 months). Wagner filed a pro se motion for compassionate release on July 1, 2020 [ECF No. 628]. The Government filed a response in opposition on July 17, 2020 [ECF No. 634]. Wagner is currently incarcerated at FCI Aliceville, with a projected release

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR COMPASSIONATE RELEASE [ECF NO. 628]**

date of October 24, 2029.[1]

## II. ARGUMENTS BY THE PARTIES

Wagner's motion generally states that she is at risk of catching COVID-19. She asserts that social distancing is unavoidable and she is concerned for her health. Wagner states that she has an address where she can serve her sentence on home confinement or she could go to a halfway house. The Government, in response, argues that Wagner has not exhausted her administrative remedies, that she cannot establish compelling reasons for release, and that there were no COVID-19 cases where defendant is incarcerated.

## III. DISCUSSION

The district court is authorized to reduce a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Upon receiving a motion for compassionate release, the district court

> may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

---

[1] https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results.

Case 1:18-cr-00047-TSK-MJA   Document 790   Filed 01/30/23   Page 3 of 5   PageID #: 3070

USA V. WAGNER                                                    1:18-CR-47-8

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR COMPASSIONATE RELEASE [ECF NO. 628]**

Id.  Prior to the First Step Act of 2018 (the "First Step Act"), "district courts could only reduce a term of imprisonment under § 3582(c)(1)(A) 'upon motion of the Director of the Bureau of Prisons.'"  United States v. Kibble, 992 F.3d 326, 329-30 (4th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A) (2002)).  In the First Step Act, Congress allowed federal inmates to file motions for compassionate release directly with the district court after they have exhausted their administrative remedies.  See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

A defendant filing a motion for compassionate release must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or there must be a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A).  The exhaustion requirement is non-jurisdictional "and thus waived if it is not timely raised."  United States v. Muhammad, 16 F.4th 126, 129-30 (4th Cir. 2021) (citation omitted) (finding the district court in error by sua sponte dismissing a motion for compassionate release based on the threshold requirement).

Under federal regulations, "[w]hen an inmate's request is denied by the Warden, the inmate will receive written notice and a statement of reasons for the denial.  The inmate may appeal the

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR COMPASSIONATE RELEASE [ECF NO. 628]**

denial through the Administrative Remedy Procedure," which is set forth in 28 C.F.R. § 542, subpart B. See 28 C.F.R. § 571.63(a). A denial by the BOP General Counsel or Director constitutes a final administrative decision, but a denial by the Warden does not. See id. § 571.63(b)-(c). In other words, if a warden denies a defendant's request for compassionate release, the defendant is required to appeal the decision before seeking relief from the Court. See United States v. Gomez, No. 1:17CR71-1, 2021 WL 3612269, at *2 (N.D.W. Va. Aug. 13, 2021) (Keeley, J.) ("If a request for compassionate release is denied by a Warden within 30 days of receipt, the inmate must appeal that denial to the BOP.").

Here, while Wagner started the administrative remedies process through the BOP, she did not exhaust it. The Warden denied her request but informed her of her right to appeal the decision within 20 days. Nothing in the record before the Court indicates that Wagner timely appealed the Warden's decision. Therefore, Wagner failed to exhaust her administrative remedies before filing her motion with this Court.

### IV. CONCLUSION

For the reasons discussed above, Defendant's motion for compassionate release is **DENIED WITHOUT PREJUDICE** [ECF No. 628].

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Memorandum

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR COMPASSIONATE RELEASE [ECF NO. 628]**

Opinion and Order to counsel of record via email and to Defendant via certified mail, return receipt requested.

DATED: January 30, 2023

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA